UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BILLY A. TREADWAY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, Commissioner of the<br>Social Security Administration,<br><br>　　　　　　Defendant. | CAUSE NO.: 1:24-CV-524-TLS |

**OPINION AND ORDER**

The Plaintiff, Billy A. Treadway, seeks review of the final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income. The Plaintiff argues that the Administrative Law Judge (ALJ) erred in assessing his mental limitations. For the reasons set forth below, the Court finds that substantial evidence supports the ALJ's decision and that there is no basis to remand.

**PROCEDURAL BACKGROUND**

On June 22, 2022, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on his date of birth. AR 211, ECF No. 9. The claim was denied initially and on reconsideration, and the Plaintiff requested a hearing, after which the ALJ issued an unfavorable decision on March 17, 2022. AR 20–31, 37–72. The Appeals Council denied the Plaintiff's request for review, the Plaintiff appealed, and this Court granted an agreed remand in July 2023. AR 1–4, 1643–44. Meanwhile, on January 27, 2023, the Plaintiff filed subsequent claims for disability insurance benefits and supplemental security income, amending his alleged onset date to September 19, 2019. AR 1545. Following remand from this Court, the Appeals Council issued an order remanding the case to the ALJ for further proceedings. AR 1666–70.

The ALJ held a second hearing and issued an unfavorable decision on August 12, 2024. AR 1574–1613, 1544–61. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g), and on December 10, 2024, he filed his Complaint [ECF No. 1] in this Court, requesting reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, the Commissioner filed a response, and the Plaintiff filed a reply. ECF Nos. 16, 22, 25.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a).[1] To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 19, 2019, the amended alleged onset date. AR 1548.

---

[1] The Court cites the disability insurance benefits statutes and regulations, which are largely identical to those applicable to supplemental security income. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of obesity, insomnia, major depressive disorder with moderate to severe with anxious distress, attention deficit hyperactivity disorder, chronic post-traumatic stress disorder, generalized anxiety disorder, borderline personality disorder, binge eating disorder, and sciatica associated with lumbar spine disorder. AR 1548.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered several Listings, including 12.04, 12.06, 12.08, 12.11, 12.13, and 12.15 related to mental impairments. AR 1548–50.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed a physical RFC not at issue on this appeal and the following mental RFC: "After careful consideration of the entire record, the undersigned finds that the . . . individual can carry out simple instructions. The individual can tolerate occasional interaction with coworkers, supervisors, and the public." AR 1550.

3

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). Here, the ALJ found that the Plaintiff is unable to perform any past relevant work under 20 C.F.R. § 404.1565. AR 1559.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of housekeeper, inspector hand packager, and small products assembler. AR 1560. The claimant bears the burden of proving steps one through four, while the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. § 404.1512.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision if it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that

4

of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

On this appeal, the Plaintiff argues that the ALJ made two errors in formulating his mental RFC by failing to account for his "moderate" limitation in concentration, persistence, or pace and by failing to rely on substantial evidence. Before considering each argument, the Court reviews the ALJ's step three and RFC findings related to the Plaintiff's mental impairments.

**A.     The ALJ's Step Three and RFC Determinations Regarding Mental Impairments**

At step three of the sequential analysis and citing the record evidence for each finding, the ALJ found that the Plaintiff has a moderate limitation in interacting with others. AR 1549. The ALJ noted the Plaintiff indicated he has difficulty getting along with others and becomes easily angered. *Id.* However, the ALJ noted the Plaintiff was generally alert, oriented in all spheres, not hostile or combative toward his treatment providers, and described as calm and

cooperative. *Id.* The ALJ noted the Plaintiff can communicate with others in person and over the phone, can shop in stores for personal items, and routinely presented normal speech and speech patterns. *Id.*

Regarding concentration, persistence, or maintaining pace, the ALJ found the Plaintiff to have a moderate limitation based on the Plaintiff's report that he has difficulty concentrating and completing tasks. *Id.* However, the ALJ noted that during a consultative examination, the Plaintiff's frustration tolerance was unremarkable. *Id.* The ALJ also noted there was no evidence the Plaintiff had difficultly staying on task during medical evaluations or required significant redirection. *Id.* The ALJ noted the Plaintiff's ability to use electronic devices and drive, which the ALJ found suggests robust concentration. *Id.* The ALJ further noted that the Plaintiff can read and write stories and play video games. *Id.* The ALJ reasoned that playing video games requires the ability to be responsive to instructions to navigate the complexities of each level to achieve a specific goal. AR 1550. The ALJ also reasoned that video games typically require both situational and spatial awareness to avoid hazards presented the game. *Id.* The ALJ found that "[t]hese activities suggest a strong working level of concentration and persistence." *Id.*

The ALJ found a mild limitation in the remaining two categories of understanding, remembering, or applying information and in adapting or managing oneself. AR 1549, 1550.

To accommodate the moderate limitations in concentration, persistence, or pace and in interacting with others, the ALJ found a mental RFC for carrying out simple instructions and for tolerating occasional interaction with coworkers, supervisors, and the public. AR 1550. In the RFC determination the ALJ noted the Plaintiff's testimony that he has profound mental distress with anxiety, depression, and traumatic memories; poor concentration, impaired memory, and difficulty completing tasks; and anxiety that limits his ability to interact with others. AR 1551. The ALJ credited the Plaintiff's testimony that he socially isolates from others due to irritability.

*Id.* The ALJ noted the Plaintiff's testimony that he can pay attention for ten minutes and that he spends his day reading, watching television, playing video games, and writing stories. *Id.* The ALJ also considered the Plaintiff's wife's third-party function report, finding it broadly consistent with the Plaintiff's subjective allegations. *Id.*

The ALJ then considered, with citations to the record, the medical evidence regarding the Plaintiff's mental disorders. AR 1553. The ALJ noted that the medical record describes longitudinal symptoms of anxiety, depression mood, and intrusive memories aggravated by stress and interaction with others. *Id.* He also had distractibility due to ADHD. *Id.* The ALJ recognized the Plaintiff's treatment to relieve his symptoms, which included medication management with Zoloft, Paxil, Prozac, Lexapro, Pristiq, Wellbutrin, Effexor, Trintellix, and Abilify as well as mental health symptom education. *Id.* The ALJ found that the Plaintiff's pursuit of treatment provides some support for his allegations. *Id.*

Next, the ALJ discussed the Plaintiff's subjective symptoms, finding some objective support in the record. *Id.* Citing the record, the ALJ noted the Plaintiff presented with anxious thoughts and discussed work-related incidents that cause him a lot of anxiety; the Plaintiff expressed feelings of sadness and depression; treatment notes show he experiences sleep disturbances, getting only about five hours of sleep a night; and he presented for treatment with bouts of confusion and fatigue. *Id.*

Nevertheless, the ALJ found the Plaintiff's allegations not fully consistent with the overall record, which showed largely unremarkable consultative examinations and routinely intact examination findings. AR 1554. Citing the record, the ALJ noted that overall, the Plaintiff's memory was intact to provide simple background information to medical professionals; he was generally alert and oriented; he routinely presented with normal speech and speech patterns; he generally had good insight and judgment; his appearance was largely

unremarkable, and he routinely appeared to be well groomed and neatly dressed; he was described as calm and cooperative; during the consultative exam, his frustration tolerance was unremarkable; there was no evidence he had difficulty staying on task during examinations or needed significant redirection; he had largely normal mental status; and his last suicide attempt was in 2004. *Id.* The ALJ concluded that "[t]his evidence of largely normal cognitive functioning does not warrant additional breaks or social isolation." *Id.*

Next, the ALJ found the Plaintiff able to perform a diverse range of activities of daily living such as routinely presenting adequate memory and cognitive functioning. *Id.* The Plaintiff spends his days performing chores such as doing dishes, cleaning, laundry, grocery shopping, and childcare, and he can cook simple meals. *Id.* He can drive, which the ALJ again found requires the ability to understand and remember basic motor vehicle functions on dynamic roadways. *Id.* The ALJ found this supports the Plaintiff's good memory and ability to apply information. *Id.* The ALJ noted that the Plaintiff did not indicate any difficulty with personal care or reminders. *Id.* The ALJ again discussed the Plaintiff's ability to use electronic devices, play video games, and read and write stories. *Id.* And the ALJ noted the Plaintiff was enrolled in a nursing program at a community college that he stopped not because of a physical or mental impairment but because he was afraid of exposing his wife to COVID-19. *Id.* This suggested to the ALJ that the Plaintiff can function at a level much higher than alleged. *Id.* As for interacting with others, the ALJ found that the record does not contain evidence that he has significant difficulty interacting with others because he is able to communicate with others in person, has normal speech patterns, and is able to shop. AR 1554–55. The ALJ also noted that the Plaintiff has a desire to make friends and that he has had friends in the past. AR 1555.

Finally, the ALJ considered the opinion evidence. First, he cited Dr. Gange's November 3, 2020 psychological consultative opinion that, based on the evidence, "the claimant can

8

understand, remember, and carryout detailed, but not complex tasks. The claimant can relate on a superficial and ongoing basis with co-workers and supervisors. The claimant can attend to tasks for a sufficient period to complete tasks. The claimant can manage the stress involved with detailed work-related tasks." *Id*. The ALJ noted Dr. Gange's finding of a mild limitation in understanding and in concentration with moderate limitations in social interaction and adaptation. The ALJ then noted that, on April 25, 2021, Dr. Shipley affirmed the assessment but found a moderate limitation in adaptation and a mild limitation in the remaining three domains. *Id.* The ALJ found the opinions not fully consistent with the record or the doctors' review of the record. *Id.* The ALJ found the term "superficial interaction" to be overly vague. *Id.* The ALJ reasoned that the medical evidence showed the Plaintiff was generally alert and oriented in all spheres and routinely presented normal speech and speech patterns. *Id.* The ALJ found that the consultants did not support their findings by citing the Plaintiff's appearance, attitude, behavior, and affect. *Id.* The ALJ wrote, "Due to inconsistencies and differences in task complexity, the undersigned find[s] these prior administrative findings to be unpersuasive." *Id.*

    The ALJ then noted the 2023 opinions of state agency psychological consultants Dr. Lovko and Dr. Small, who found that the Plaintiff can understand, remember, and carry out detailed, but not complex tasks; can attend to tasks for a sufficient period of time to complete them; can manage the stresses involved with detailed work-related tasks; and would be able to manage occasional contact with the public but that sustained, intensive, interpersonal contact would be precluded. AR 1556. They also found that the Plaintiff would work best alone in semi-isolation from others or in a small group. *Id.* The ALJ found that the totality of the medical evidence suggests the Plaintiff could maintain at least a minimal level of relationship with others, again noting that the records showed the Plaintiff as generally alert and oriented and routinely presenting normal speech and speech patterns. *Id.* At the same time, the ALJ noted the evidence

9

of the Plaintiff's anxiety and feelings of sadness and depression, which the ALJ found supported simple tasks rather than detailed tasks. *Id.* Again, the ALJ noted that the consultants did not fully support their findings by citing the Plaintiff's activities of daily living, memory, fund of knowledge, or intermittent panic attacks. *Id.* Thus, the ALJ found these opinions unpersuasive.

Next, the ALJ considered the opinion of Dr. Cabezas, a consultative psychological examiner. AR 1557. The ALJ noted that Dr. Cabezas found the Plaintiff's comprehension abilities to be at the fully capable level based on the evaluation with no impairments related to recent or remote memory. *Id.* The ALJ further noted Dr. Cabezas' finding that the Plaintiff's concentration skills are at the adequately capable level with noted concerns pertaining to consistency and reliable performance in a work setting. *Id.* For social abilities, the ALJ noted Dr. Cabezas' finding of adequately to less than adequately capable level with noted concerns related to interpersonal skill deficits including reported fears of abandonment and mistreatment by others. *Id.* The ALJ noted that the opinion was not given in "fully functional relevant terms" that are "vocationally defined" and, thus, do "not adequately articulate the limitation for use in a residual functional capacity assessment." *Id.* The ALJ found this opinion not fully consistent with the longitudinal record or supported by his examination of the Plaintiff, citing medical records showing the Plaintiff's memory to be intact, the Plaintiff generally alert and oriented in all spheres, the Plaintiff routinely presenting normal speech and an ability to communicate with others, and conservative treatment with medications. *Id.* In conclusion, the ALJ found Dr. Cabezas' language could not be adopted because the terminology was not made in functionally relevant terms. *Id.* Thus, the ALJ found that opinion was not persuasive.

Last, the ALJ considered the opinion of Dr. Boen, another consultative psychological examiner. AR 1557–58. The ALJ noted Dr. Boen's findings that the Plaintiff would not have trouble understanding or remembering what he is asked to do on a job, would not have difficulty

being able to concentrate on the job or stay on task, and would not have difficulty getting along with coworkers or a boss. *Id.* The ALJ found this opinion vaguely consistent with the record and broadly supported by Dr. Boen's examination of the Plaintiff. AR 1558. In support, the ALJ cited record evidence showing that the Plaintiff generally had good judgment, his appearance was largely unremarkable, he routinely appeared well groomed and neatly dressed, and he was described as calm or cooperative. *Id.* The ALJ found the opinion consistent with the examination showing the Plaintiff had intact memory, could interpret proverbs, could perform simple calculations, and had adequate concentration. *Id.* The ALJ then noted that, while the limitations are not expressed in vocationally relevant terms, the limitations appear somewhat supported by the opinion and are generally consistent with the objective medical evidence of record. *Id.* The ALJ was to some degree persuaded given that there were social limitations but could not adopt the language, finding the opinion largely unpersuasive as a result. *Id.*

**B.     The Plaintiff's Arguments**

*1.     Moderate Limitation in Concentration, Persistence, or Pace*

The Plaintiff argues that the ALJ failed to account for his moderate limitation in concentration, persistence, or pace. The RFC is a measure of what an individual can do despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that

11

are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. As noted by the Plaintiff, "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)).

Here, the ALJ found the Plaintiff has a moderate limitation in concentration, persistence, or pace. The Plaintiff argues generally that the limitation in the RFC to carry out "simple instructions" does not accommodate his limited ability to concentrate and stay on task while in the workplace. The Plaintiff reasons that "simple instructions" merely implies that the Plaintiff's work will not be overly complicated. But he contends that his moderate limitation in concentration, persistence, or pace means that he cannot fully concentrate and stay on task.

However, the Plaintiff cites no evidence in the record to support any additional limitations to show that "simple instructions" is insufficient to encompass his "moderate" limitation in concentration, persistence, or pace. *See Jozefyk*, 923 F.3d at 498 ("It is unclear what kinds of work restrictions might address [the claimant's] limitations in concentration, persistence, or pace because he hypothesizes none."). In *Pavlicek v. Saul*, the Seventh Circuit rejected an argument that there is an inherent inconsistency between a moderate rating in concentration, persistence, or pace and the ability to perform simple instructions and tasks at a consistent pace. 994 F.3d 777, 781, 783 (7th Cir. 2021). The Court noted that, under the regulations, a "moderate limitation" is defined to mean that functioning in an area is "fair." *Id.* at 783 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1). And the court explained that "'fair' in ordinary

usage does not mean 'bad' or 'inadequate.'" *Id.* The court concluded that a moderate limitation "seems consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Id.*

In his brief, the Plaintiff relies primarily on the Seventh Circuit decisions in *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019), and *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014), in which the court found that a limitation to "unskilled work" did not account for a moderate limitation in concentration, persistence, or pace. As noted by the Defendant, both administrative decisions were issued before the regulations defined a "moderate" limitation to mean that functioning is "fair" in 2017. In *DeCamp*, the court found that the ALJ erred by omitting in the hypothetical to the vocational expert any of the plaintiff's moderate limitations in the four areas identified by a medical opinion cited by the ALJ to support her finding. 916 F.3d at 675. Similarly, in *Yurt*, the limitation to "unskilled" work failed to account for the plaintiff's documented difficulties in concentration, persistence, and pace. 758 F.3d at 859.[2]

In contrast, the ALJ here explained that she found a moderate limitation in concentration, persistence, or pace based on the Plaintiff's allegations, not because the record showed ongoing problems. AR 1549–50. In so finding, the ALJ summarized the medical records of the Plaintiff's mental health impairments, acknowledging that his reported symptoms of anxiety and depression found some objective support in the record but also finding that he received conservative treatment and that his mental status examinations were normal. AR 1553–54. Citing the record, the ALJ noted that the Plaintiff's memory was intact, he had good insight and judgment, he was calm and cooperative, he did not display difficulty staying on task, and cognitive functioning and interaction was unremarkable. AR 1554. Indeed, the record documents normal concentration and

---

[2] The Plaintiff's argument regarding his ability to stay on task for a full workday is forfeited because it was raised for the first time in his reply brief. *See* Pl. Reply 2–3, ECF No. 25; *Sansone v. Brennan*, 917 F.3d 975, 983 (7th Cir. 2019).

13

social interaction on physical examination. *See* AR 1912–13. The ALJ noted that both consultative examiners, Dr. Cabezas and Dr. Boen, found social limitations but that the Plaintiff was otherwise "adequately capable" or would not have difficulty concentrating on the job. AR 1557–58 (citing AR 846 (Ex. 11F/8), 1923 (Ex. 25F/8)). The ALJ also noted the state agency reviewing psychologists opined that the Plaintiff was capable of performing detailed but not complex tasks and could attend and handle stresses involved in detailed work-related tasks. AR 1555, 1556 (citing AR 89 (Ex. 1A/17), 103 (Ex. 4A/9), 1655 (Ex. 12A/8), 1679 (Ex. 15A/7)).

Nevertheless, the ALJ assessed a moderate limitation in concentration, persistence, or pace based on the Plaintiff's report that he had difficulty concentrating and completing tasks. AR 1549–50. But in determining the RFC based on that assessment, the ALJ noted Dr. Boen's examination findings that the Plaintiff had normal frustration tolerance, concentration, and memory. AR 1549 (citing AR 1922 (Ex. 25F/7)). The ALJ also found that the Plaintiff's use of electronics, ability to drive, and playing video games indicated a strong working level of concentration and persistence. AR 1549–50. Thus, relying on the normal mental status examinations, the Plaintiff's activities, and the opinion evidence finding minimal mental limitations, the ALJ assessed the RFC for carrying out simple instructions and occasionally interacting with others. In other words, the ALJ accounted for the Plaintiff's allegations of difficulty with concentration by restricting the skill level and social interaction. *See Burmester v. Berryhill*, 920 F.3d 507, 511–12 (7th Cir. 2019) (finding the RFC and hypothetical sufficiently accounted for moderate concentration, persistence, or pace problems by limiting the claimant's skill level and interaction where no physician opined as to other worked-related limitations in concentration). Again, the Plaintiff has not identified record evidence to show additional concentration limitations are warranted. *See Jozefyk*, 923 F.3d at 498.

The Court finds that the ALJ's decision to limit the Plaintiff to simple instructions and occasional interaction with coworkers, supervisors, and the public to accommodate his moderate limitation in concentration, persistence, or pace is supported by the evidence, the ALJ sufficiently articulated her reasoning, and the Plaintiff has not shown that greater restrictions are required by the evidence.

2.  *Substantial Evidence*

The Plaintiff argues that the ALJ failed to rely on substantial evidence when determining the mental RFC because, when the ALJ found the reviewing agency consultants at both the initial and reconsideration levels not persuasive, the ALJ purportedly created an evidentiary deficit. The Plaintiff argues that the ALJ then played doctor by filling the evidentiary gap with his own unqualified opinion when he considered the Plaintiff's daily activities in determining the Plaintiff's mental limitations.

The Plaintiff is correct that the ALJ found the psychological consultant opinions from 2020 and from 2023 "to be unpersuasive." AR 1555, 1556. The ALJ also found the opinions of the examining psychological consultants, Dr. Cabezas and Dr. Beon, not persuasive. AR 1557–58. The Plaintiff then contends that the ALJ unilaterally interpreted the medical evidence to determine the Plaintiff had the mental residual functional capacity to "carry out simple instructions" and "tolerate occasional interaction with coworkers, supervisors, and the public." AR 1550. However, the Plaintiff fails to acknowledge that the ALJ relied on several aspects of those medical opinions notwithstanding finding the opinion overall unpersuasive, which was because the language used by the doctor was not in terms of functional limitations. And the Plaintiff fails to recognize the ALJ's extensive discussion of the medical findings of record regarding the Plaintiff's functioning, all of which the ALJ explains in support of the decision. Notably, the Plaintiff does not assert than any aspect of the ALJ's consideration of the medical

15

opinions was flawed. The Plaintiff again has not offered evidence to support greater limitations than those imposed by the ALJ. The Plaintiff has not shown that the ALJ erred in articulating her mental RFC determination.

In addition, the Plaintiff fails to recognize that the none of the medical opinions found mental limitations greater those imposed by the ALJ, that the ALJ's finding of some of the opinions as unpersuasive overall was because the medical opinion did not use functionally relevant language, and that the ALJ in fact relied on several of the medical opinion findings. The ALJ's analysis is discussed in detail above. As argued by the Defendant, the RFC is a legal decision rather than a medical one, *see Thomas*, 745 F.3d at 808, and the ALJ was not required to rely entirely on a specific physician's opinion or choose between the opinions of the Plaintiff's physicians, *see Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (citation omitted). The ALJ's discussion of the evidence and explanation for the RFC determination more than met the minimal articulation requirement for evaluating opinion evidence. *See Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

In his opening brief, the Plaintiff cites two cases in which the court remanded because the ALJ found the medical opinions not persuasive, leaving an evidentiary deficit. *See Boyles v. Comm'r of Soc. Sec.*, No. 1:21-CV-442, 2022 WL 16570645, *4 (N.D. Ind. Nov. 1, 2022); *Willis v. Acting Comm'r of Soc. Sec.*, 3:21-CV-178, 2022 WL 2384031, *4 (N.D. Ind. July 1, 2022).[3] However, the cases are distinguishable because the ALJ in each failed to provide a detailed explanation of how the medical opinions were considered and because the court could not

---

[3] For both cases, the Plaintiff provided only the cause number and did not provide an electronic database citation, such as to Westlaw or Lexis. The Court cautions that a future failure to provide a case citation to an electronic database or published source when available may result in the Court disregarding the cited authority. The Court further notes that Northern District of Indiana Local Rule 7-1(f) provides that "[a] copy of any decision . . . cited in a motion or brief must be attached to the paper if—and only if—it is not available on Westlaw or Lexis." N.D. Ind. L.R. 7-1(f).

determine whether the ALJ's opinion was otherwise supported by substantial evidence. As discussed above, the ALJ in this case provided the necessary detail regarding her consideration of the medical opinions and provided sufficient discussion of the medical evidence of record to support the decision.

The Plaintiff then cites law addressing how an ALJ may "remedy a lack of sufficient medical evidence." Pl. Br. 9–10, ECF No. 16 (citing *Kaitlyn v. Kijakazi*, No. 1:21-CV-931, (S.D. Ind. May 2, 2022) (citing 20 C.F.R. § 416.920b(b)(2))). However, the ALJ did not find a lack of evidence or that, in the terms used in the regulations, the evidence submitted was "insufficient" to make a disability determination. 20 C.F.R. § 404.1520b(b). As noted by the Defendant, the ALJ does not have a duty to recontact a medical source. *See Palmer v. Saul*, 779 F. App'x 394, 398 (7th Cir. 2019); 20 C.F.R. § 404.1520b(c)(1).

Finally, the Plaintiff criticizes, without citation to law, the ALJ for discussing the Plaintiff's ability to play videogames and drive in finding his mental symptom allegations "not consistent" with the record. The Court finds that the ALJ properly evaluated all the Plaintiff's activities of daily living in formulating the RFC. Contrary to the Plaintiff's suggestion, the ALJ did not equate the Plaintiff's ability to play video games and drive with the ability to perform full-time work but rather included both as indicators that he retained a strong working level of concentration, understanding, and persistence. AR 1554; *see Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (finding the ALJ properly "considered [the plaintiff's] description of his daily activities in assessing whether his testimony about the effects of his impairments was credible or exaggerated"). And the Plaintiff has not shown that the ALJ's evaluation of his subjective symptoms was "patently wrong." *See Hess v. O'Malley*, 92 F.4th 671, 679 (7th Cir. 2024) ("We will overturn the ALJ's evaluation of a claimant's subjective symptoms only if it is 'patently wrong, which means that the decision lacks any explanation or support.'" (citation

omitted)). Notably, the Plaintiff does not pursue this argument regarding activities of daily living in his reply brief.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in the Plaintiff's Brief [ECF No. 16] and AFFIRMS the decision of the Commissioner of the Social Security Administration. The Court DIRECTS the Clerk of Court to ENTER FINAL JUDGMENT STATING:

> Final judgment is entered in favor of the Defendant Commissioner of Social Security and against the Plaintiff Billy A. Treadway, who takes nothing by his Complaint.

SO ORDERED on January 21, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
